**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAINE DAVIS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff-Appellee*,<br><br>v.<br><br>NORDSTROM, INC.,<br>*Defendant-Appellant*. | No. 12-17403<br><br>D.C. No.<br>4:11-cv-03956-CW<br><br><br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted
December 6, 2013—Pasadena, California

Filed June 23, 2014

Before: John T. Noonan and Paul J. Watford, Circuit
Judges, and William E. Smith, Chief District Judge.[*]

Opinion by Judge Smith

---

[*] The Honorable William E. Smith, Chief District Judge for the U.S.
District Court the District of Rhode Island, sitting by designation.

**SUMMARY**[**]

### Arbitration / California Law

The panel reversed the district court's order denying Nordstrom, Inc.'s motion to compel arbitration of an employee's claims that were brought as a putative class action alleging violations of state and federal employment laws, and remanded for further proceedings.

Following the United States Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011), Nordstrom made revisions to the employee arbitration policy, contained in its employee handbook, which precluded employees from bringing most class action lawsuits.

The panel held that Nordstrom and the employee entered into a valid agreement to arbitrate disputes on an individual basis. The panel found that Nordstrom satisfied the minimal requirements under California law for providing employees with reasonable notice of a change to its employee handbook by sending a letter to the employees informing them of the modification, and not seeking to enforce the arbitration provision during the 30 day notice period. The panel also held that Nordstrom was not bound to inform the employee that her continued employment after receiving the letter constituted acceptance on new terms of employment. Finally, the panel declined to address in the first instance the issue whether the arbitration agreement was unconscionable under California law.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

George S. Howard, Jr. (argued), Jones Day, San Diego, California; Julie A. Dunne and Dominic J. Messiha, Littler Mendelson, P.C., Los Angeles, California; Michael G. Leggieri, Littler Mendelson, P.C., Sacramento, California, for Defendant-Appellant.

Courtland W. Creekmore (argued), Matthew R. Bainer, and Hannah R. Salassi, Scott Cole & Associates, APC, Oakland, California, for Plaintiff-Appellee.

## OPINION

SMITH, Chief District Judge:

Following the United States Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011),[1] Appellant Nordstrom, Inc. ("Nordstrom") made revisions to the employee arbitration policy[2] contained in its employee handbook. These changes precluded employees from bringing most class action lawsuits. Despite these changes, weeks later, Nordstrom employee Faine Davis filed a class

---

[1] The United States Supreme Court decision in *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011), overruled the California Supreme Court finding in *Discover Bank v. Superior Court*, 36 Cal. 4th 148 (Cal. 2005). In *Concepcion*, the Supreme Court rejected *Discover Bank*'s holding that a class waiver is unconscionable in a contract of adhesion, reasoning that the California rule to the contrary ran afoul of the Federal Arbitration Act ("FAA"). *Concepcion*, 131 S.Ct. at 1746–48, 1753.

[2] This policy was referred to internally at Nordstrom as the "Nordstrom Dispute Resolution Program."

action lawsuit on behalf of herself and other similarly situated employees, alleging that Nordstrom violated various state and federal employment laws.

In time, Nordstrom, relying on the revised arbitration policy in its employee handbook sought to compel Davis to submit to individual arbitration of her claims.  The district court held that Davis and Nordstrom did not enter into a valid arbitration agreement with respect to the revision, and therefore denied Nordstrom's motion to compel arbitration. Nordstrom appeals the district court's decision.  Because we find that Nordstrom and Davis did indeed enter into a valid agreement to arbitrate disputes on an individual basis, we REVERSE the district court and REMAND for further proceedings consistent with this order.

I.   Standard of Review

We review the district court's decision to deny the motion to compel arbitration de novo.  *Kilgore v. KeyBank Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013).  Factual findings are reviewed for clear error, *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936 (9th Cir. 2001), but where no facts are in dispute our entire review is de novo.  *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 814 F.2d 1324, 1327 (9th Cir. 1987).

II.  Background

The basic facts are straightforward and not in dispute.  On August 11, 2011, Davis filed a purported class action lawsuit against Nordstrom seeking redress for nonpayment of wages, failure to provide meal periods and rest breaks, and unfair competition.  Relying on the company's employee handbook,

Nordstrom moved to compel Davis to submit to individual arbitration of her claims. Davis acknowledges that she received a copy of the handbook when she first took her position at Nordstrom, and during her employment the company revised the handbook several times, always notifying Davis of the changes.

Two provisions of this handbook matter for this appeal. The first explained the circumstances under which Nordstrom employees were required to arbitrate their disputes with the company (the "arbitration provision"); the second required Nordstrom to provide employees with 30 days written notice of any substantive changes to the arbitration provision (the "notice provision"). The handbook provided that the notice provision was included to "allow employees time to consider the changes and decide whether or not to continue employment subject to the changes."

Prior to July 2011, the arbitration provision required employees to arbitrate individual disputes, but permitted employees to bring class action lawsuits against the company. In July 2011 and again in August 2011, Nordstrom revised the arbitration provision; both revisions required employees to arbitrate nearly all claims individually, and precluded employees from filing most class action lawsuits. To comply with the notice provision, Nordstrom sent letters to employees, including Davis, in June 2011 informing them of the change in the arbitration policy.[3] In this June letter, Nordstrom informed employees that "the Nordstrom Dispute Resolution Program has been in place for several years. We've recently made updates to the program and want to

---

[3] In the July 2011 revision to the arbitration provision, Nordstrom also completely removed the notice provision.

ensure you have the current version." Along with this letter, Nordstrom included a copy of the entire Dispute Resolution Program, including the arbitration provision.

III.    Discussion

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, reflects a "liberal federal policy" in favor of arbitration. *Concepcion*, 131 S. Ct. at 1745. Under the FAA, the role of the district court is to determine if a valid arbitration agreement exists, and if so, whether the agreement encompasses the dispute at issue. *Kilgore*, 718 F.3d at 1057–58.

A.  Contract Formation

The district court determined that no revised agreement was ever reached – holding that Nordstrom had failed to provide employees with the required 30 days notice of the change in the arbitration provision, and to inform employees that their continued employment constituted acceptance of the new arbitration provision. Because we hold that Nordstrom complied with the notice requirement, and that California law imposes no duty upon Nordstrom specifically to inform employees that their continued employment constituted acceptance of new terms of employment, we reverse.

Arbitration is a product of contract. Parties are not required to arbitrate their disagreements unless they have agreed to do so. *Pinnacle Museum Tower Ass'n v. Pinnacle Mktg. Dev. (U.S.), LLC*, 55 Cal. 4th 223, 236 (Cal. 2012). A contract to arbitrate will not be inferred absent a "clear agreement." *Avery v. Integrated Heathcare Holdings, Inc.*, 218 Cal. App. 4th 50, 59 (Cal. Ct. App. 2013). When

determining whether a valid contract to arbitrate exists, we apply ordinary state law principles that govern contract formation. *Ferguson v. Countrywide Credit Indus., Inc.*, 298 F.3d 778, 782 (9th Cir. 2002). In California, a "clear agreement" to arbitrate may be either express or implied in fact. *Pinnacle Mktg. Dev.*, 55 Cal. 4th at 236.

The handbook Davis received when she began work established the ground rules of her employment, including that Davis and Nordstrom would arbitrate certain disputes. She accepted employment on this basis, so there was a binding agreement to arbitrate. Under California law, Nordstrom was permitted to unilaterally change the terms of Davis's employment, including those terms included in its employee handbook. *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 422 (Cal. Ct. App. 2000). Nordstrom was also entitled to enforce the terms of employment identified in this handbook, and any modifications made to it, as it could any other contract. *See id.* Indeed, "[i]t is settled that an employer may unilaterally alter the terms of an employment agreement,[4] provided such alteration does not run afoul of the [California] Labor Code." *Schachter v. Citigroup, Inc.*, 47 Cal. 4th 610, 619 (Cal. 2009). Where an employee continues in his or her employment after being given notice of the changed terms or conditions, he or she has accepted those new terms or conditions. *Id.* at 620.

The parties have not provided, and we have not found, a case dictating that under California law Nordstrom was required to provide notice of the change in any particular way. Instead, "an employer may terminate or modify a

---

[4] The terms of employment need not be memorialized in a formal "employment agreement."

contract with no fixed duration period after a reasonable time period, if it provides employees with reasonable notice, and the modification does not interfere with vested employee benefits." *Asmus v. Pac. Bell*, 23 Cal. 4th 1, 11 (Cal. 2000). Of course, if an employer has prescribed methods of policy modification and employee notice, it is incumbent upon the employer to abide by those methods. *Ferguson*, 298 F.3d at 786. Here, the terms of the arbitration provision in Davis's initial handbook stated that Davis would be provided "30 days written notice of substantive changes . . . to allow [her] time to consider the changes and decide whether or not to continue employment subject to the changes."

The first question is whether Nordstrom complied with the notice requirement. The district court determined that Nordstrom made the revised arbitration provisions immediately applicable to its employees without providing 30 days written notice as required by the employee handbook. In reaching this conclusion the district court found three factors determinative: first, Nordstrom failed to submit evidence that the company told employees the policy change only went into effect after 30 days; second, the cover letter Nordstrom sent to employees accompanying the revised arbitration provision informed employees that the "current version" of the arbitration provision was enclosed implying it was immediately effective and; third, a Nordstrom human resources document set forth internal measures for implementing the changed policy. Davis relies on the same factors in this appeal.

Nordstrom argues that it sent the revised arbitration provision to all employees, including Davis, and that it did not enforce the provision against Davis, or anyone else, within 30 days of her receiving it. Additionally, Nordstrom

asserts that during this 30 day time period, Davis never objected to the revised provision and she did not quit her job.

While the communications with its employees were not the model of clarity, we find that Nordstrom satisfied the minimal requirements under California law for providing employees with reasonable notice of a change to its employee handbook by sending a letter to Davis and other employees informing them of the modification, and not seeking to enforce the arbitration provision during the 30 day notice period.

The next question is whether Nordstrom was bound to inform Davis that her continued employment after receiving the letter constituted acceptance of new terms of employment. The district court found it was, but we disagree. The district court chiefly relied upon *Morvant v. P.F. Chang's China Bistro, Inc.*, 870 F. Supp. 2d 831 (N.D. Cal. 2012) for this finding. The district court read *Morvant* as holding that an employer who unilaterally changes terms of employment must inform his employees that continued employment will constitute acceptance of new terms of employment. If *Morvant* were read in that manner, however, it would be inconsistent with the holding of the California Supreme Court in *Asmus*. In *Asmus*, the court held that an employer seeking to terminate a unilateral contract must provide reasonable notice of the termination and refrain from interfering with vested rights. *Asmus*, 23 Cal. 4th at 18. This requirement also applies to unilateral contract modifications. *Id.* at 16, 18. Nowhere in *Asmus* did the California Supreme Court require that employees must be expressly told that continued employment constitutes acceptance, nor have any California state appellate court decisions imposed such a requirement. *See Serpa v. California Surety Investigations, Inc.*, 215 Cal.

App. 4th 695, 516 (Cal. Ct. App. 2013) (holding that an employer is required to give "reasonable and fair notice" when modifying terms of employment).

B.  Unconscionability

Davis also argues that the arbitration agreement was unconscionable under *Gentry v. Superior Court*, 42 Cal. 4th 443 (Cal. 2007).  In *Gentry*, the California Supreme Court concluded that employees had certain unwaiveable rights to overtime, and that under certain circumstances a waiver that precluded an employee from seeking to vindicate those rights as part of a class action could lead to a de facto waiver of those rights.  *Id*. at 456–57.  The California Supreme Court relied primarily on its earlier decision in *Discover Bank* in this holding.  The United States Supreme Court subsequently overruled *Discover Bank* holding that the decision ran afoul of the FAA.  *Concepcion*, 131 S.Ct. at 1746–48, 1753.  Nordstrom argues we should find that *Gentry* similarly infringes upon the FAA.

The district court never reached the unconscionability issue.  Typically, "a federal appellate court does not consider an issue not passed upon below."  *Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir. 1986) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)).  This court has discretion to decide whether to reach such an issue, however, where the issue presented is a purely legal one and the record below has been fully developed.  *Quinn*, 783 F.2d at 814.  In considering whether to exercise this discretion, "we should consider whether the resolution of the issue is clear and whether injustice might otherwise result." *Id.*

While the record in this case is fully developed, and Davis pressed her unconscionability argument before the district court and did so again here, the resolution of the issue is not clear, and for that reason we decline to exercise our discretion to address the unconscionabilty question in the first instance.[5] *Compare Truly Nolan of Am. v. Superior Court*, 208 Cal. App. 4th 487, 507 (Cal. Ct. App. 2012) (holding *Gentry* remains binding law after *Concepcion*), *with Velazquez v. Sears, Roebuck & Co.*, 13-cv-680-WQH-DHB, 2013 WL 4525581, at *8 (S.D. Cal. Aug. 26, 2013) (holding *Gentry* was overruled by *Concepcion*). Indeed, the California Supreme Court currently has pending before it a case that will decide whether *Gentry* remains valid under California law. *See Iskanian v. CLS Transp. of Los Angeles, LLC*, No. S204032 (Cal. petition granted Sept. 19, 2012).[6]

IV.    Conclusion

For the foregoing reasons, we reverse the district court's order and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

[5] We also do not take up Davis's argument that the arbitration policy is prohibited by the National Labor Relations Act ("NLRA"). The facts of this case are slightly different than those of *Johnmohammadi v. Bloomgindale's, Inc.*, No. 12-55578, also released today. Unlike the plaintiff in *Johnmohammadi*, Davis did not have the opportunity to opt out of the arbitration provision. In *Johnmohammadi*, we held that a voluntary arbitration program does not violate the NLRA. We state no opinion, in the first instance, whether a mandatory arbitration program would.

[6] The California Supreme Court heard argument in *Iskanian v. CLS Transp. of Los Angeles, LLC* on April 3, 2014.