NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELITE LOGISTICS CORPORATION, and on behalf of all others similarly situated,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>HANJIN SHIPPING CO., LTD.,<br><br>        Defendant - Appellant. | No. 12-56238<br><br>D.C. No. 2:11-cv-02961-DDP-PLA<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted April 10, 2014
Pasadena, California

Before: THOMAS, M. SMITH, Jr., and CHRISTEN, Circuit Judges.

Hanjin Shipping Co. ("Hanjin") appeals the district court's order denying

Hanjin's motion to compel arbitration. We affirm. Because the parties are familiar

with the history of this case, we need not recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

I

Following submission of this appeal, the district court entered an order
resolving certain claims. We requested the parties to brief the question of whether
or not the district court order rendered this appeal moot. Both parties agree that it
did not and, after reviewing their submissions we conclude that the appeal is
justiciable.

II

The district court did not err in holding that the arbitration agreement was
unconscionable under California law and, therefore, that the motion to compel
arbitration should be denied.[1] In California, a contract clause is unconscionable if
both procedurally and substantively unconscionable. *See Armendariz v. Found.*
*Health Psychcare Servs., Inc.*, 6 P.3d 669, 689–90 (Cal. 2000) (articulating
"general principles" of unconscionability). California law utilizes a sliding scale to
determine the ultimate question of unconscionability—greater substantive
unconscionability may compensate for lesser procedural unconscionability. *Id.* at
690. In California, "the core concern of unconscionability doctrine is the 'absence
of meaningful choice on the part of one of the parties together with contract terms

---

[1] The parties agree that there are no material factual disputes; however, they
disagree as to the legal significance of the undisputed facts.

which are unreasonably favorable to the other party.'" *Sonic-Calabasas A, Inc. v. Moreno*, 311 P.3d 184, 202 (Cal. 2013) (quoting *Williams v. Walker-Thomas Furniture Co.*, 350 F.2d 445, 449 (D.C. Cir. 1965)).

A

The district court did not err in concluding that the arbitration agreement was procedurally unconscionable under California law. Whether an arbitration agreement is procedurally unconscionable depends on "'the manner in which the contract was negotiated and the circumstances of the parties at that time.'" *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1171 (9th Cir. 2003) (quoting *Kinney v. United HealthCare Servs., Inc.*, 83 Cal. Rptr. 2d 348, 352–53 (Cal.App. 1999)). Procedural unconscionability generally takes the form of a contract of adhesion, in which a contract drafted by the party of superior bargaining strength is imposed on the other without the opportunity to negotiate the terms. *Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 982 (9th Cir. 2007). Here, the record supports the district court's conclusion that Elite Logistics Corp. ("Elite") did not take part in any contract negotiations and had no choice but to sign the agreement if it wished to conduct business as an intermodal carrier. Without a meaningful opportunity for Elite to negotiate, and with Elite faced with a "take it or leave it" proposition, the district court did not err in concluding that the contract was

-3-

procedurally unconscionable under California law.  *See Pokorny v. Quixtar*, 601

F.3d 987, 994 (9th Cir. 2010) (explaining federal courts apply state-law principles

to determine the validity of arbitration agreement).[2]

B

The district court also did not err in concluding that the arbitration provision

was substantively unreasonable.  Under California law, "[s]ubstantive

unconscionability focuses on the one-sidedness or overly harsh effect of the

contract term or clause." *Harper v. Ultimo*, 7 Cal. Rptr. 3d 418, 423 (Cal. App.

2003).  "Substantive unconscionability addresses the fairness of the term in

dispute."  *Szetela v. Discover Bank*, 118 Cal. Rptr. 2d 862, 867 (Cal. App. 2002).

Mutuality is the "paramount" consideration when assessing substantive

unconscionability.  *Abramson v. Juniper Networks, Inc.*, 9 Cal. Rptr. 3d 422, 436

---

[2] The dissent argues that under *AT & T Mobility L.L.C. v. Concepcion*, 131 S.Ct. 1740 (2011), an arbitration clause may not be found procedurally unconscionable because it appears in a contract of adhesion.  However, this characterization strips the Court's language of its contextual framework.  In *Concepcion*, the Court concluded that arbitration clauses contained in some adhesion contracts—namely, those contained in adhesive consumer contracts—may still be valid.  *Id.* at 1750.  However, the Court did not hold that that arbitration clauses may *never* be found procedurally unconscionable merely because they appear in a contract of adhesion. Indeed, we have held that *Concepcion* did not fundamentally alter the legal landscape of procedural unconscionabilty.  *Coneff v. AT & T*, 673 F.3d 1155, 1161 (9th Cir. 2012) (procedural unconscionability is "an inquiry for which *Concepcion* gives little guidance beyond a recognition of the doctrine's continued vitality").

-4-

(Cal. App. 2004). "Agreements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability." *Id.* at 437 (internal quotes and citation omitted).

Here, the district court properly concluded that the contract was substantively unconscionable under California law. Under the agreement, the invoiced party must provide written notice of its dispute as to an invoice within 30 days, which is shorter than California's four-year statute of limitations. The burden to dispute an invoice is on the invoiced party. After receiving the dispute response from the invoicing party, the invoiced party has 15 days to pay the invoice or seek arbitration. If an invoiced party proceeds to arbitration, it must submit all of its arguments to the arbitration panel first. Further, the arbitration panel lacks the authority to enjoin wrongful conduct, which is a significant burden in cases such as the one at bar where recurring invoice problems are at issue.

C

The district court did not fail to apply the principles of the Federal Arbitration Act, as claimed by Hanjin. "The Federal Arbitration Act ('FAA'), 9 U.S.C. §§ 1, *et seq.*, reflects a 'liberal federal policy' in favor of arbitration." *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014) (*quoting AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011)). Pursuant to the Supremacy

-5-

Clause of the United States Constitution, "the FAA preempts contrary state law." *Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1158 (9th Cir. 2013). However, the FAA does not preempt California's procedural unconscionability rules. *Chavarria v. Ralphs Grocery,* Co., 733 F.3d 916, 926 (9th Cir. 2013); *see also Sonic-Calabasas A, Inc. v. Moreno*, 311 P.3d 184, 188 (Cal. 2013) (confirming that "state courts may continue to enforce unconscionability rules that do not 'interfere[] with fundamental attributes of arbitration'") (quoting *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011)). Although the FAA may preempt state laws having a "disproportionate impact" on arbitration, it "cannot be read to immunize all arbitration agreements from invalidation." *Chavarria*, 733 F.3d at 927. Insofar as an application of state substantive unconscionability rules do not discriminate unfavorably against arbitration, they do not offend the FAA. *Id.*

Here, the district court appropriately considered the FAA's policy and preemptive reach in concluding that the arbitration agreement was unconscionable under California law.

III

In sum, the appeal is not moot. The district court properly concluded that the arbitration agreement was unconscionable under California law and, therefore,

-6-

properly denied the motion to compel arbitration.  We need not, and do not, reach any other question urged by the parties on appeal.

**AFFIRMED.**

*Elite Logistics v. Hanjin Shipping*, 12-56238

M. SMITH, Circuit Judge, dissenting:

I respectfully dissent. In holding that the district court correctly voided the arbitration clause as unconscionable under California law, the majority relies on *Pokorny v. Quixtar*, 601 F.3d 987 (9th Cir. 2010), *Shroyer v. New Cingular Wireless Services, Inc.*, 498 F.3d 976 (9th Cir. 2007), *Abramson v. Juniper Networks, Inc.*, 9 Cal.Rptr.3d 422 (Cal. App. 2004), *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165 (9th Cir. 2003), *Harper v. Ultimo*, 7 Cal.Rptr.3d 418 (Cal. App. 2003), *Szetela v. Discover Bank*, 118 Cal.Rptr.2d 862 (Cal. App. 2002), and *Armendariz v. Found. Health Psychcare Services, Inc.*, 6 P.3d 669 (Cal. 2000).

In so doing, the majority fails to acknowledge that in *AT&T Mobility LLC v. Concepcion*, — U.S. —, 131 S.C. 1740, 1747 (2011), the Supreme Court held that the Federal Arbitration Act preempts certain state law contract defenses that have a disproportionate effect on arbitration clauses. The Supreme Court also clarified that an arbitration clause is not procedurally unconscionable merely because it appears in a contract of adhesion. *Id.* at 1750–53.

Following *Concepcion*, the California Supreme Court expressly reconsidered how its unconscionability jurisprudence applies to arbitration agreements. *Sonic-Calabasas A. Inc. v. Moreno*, 311 P.3d 184, 1140–49 (Cal.

1

2013).[1] In *Sonic-Calabasas*, the California Supreme Court explained that in order to hold that an arbitration clause is void under California law, we must engage in a *fact-intensive* inquiry as to both procedural and substantive unconscionability. *See id.* at 204–05. When considering procedural unconscionabilty, we must find that the arbitration provision was the result of "oppression or surprise due to unequal bargaining power." *Id.* at 194. When considering substantive unconscionability, we must find that the provision "is unreasonably favorable to one party, considering in context 'its commercial setting, purpose, and effect.'" *Id.* at 205 (internal citation omitted).

Under *Sonic-Calabasas*, the party asserting that an arbitration clause is void bears the burden of proving that the clause is unenforceable. *Id.* Moreover, the Supreme Court of California emphasized that under California law discovery is generally necessary to assess whether an arbitration clause is unconscionable:

> [California Civil Code] section 1670.5, subdivision (b) provides that "[w]hen it is claimed or appears to the court that the contract or any clause thereof may be unconscionable *the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination,*" and we

---

[1] The majority also cites to *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 926 (9th Cir. 2013) for the proposition that the FAA does not preempt California's "unconscionability rules," but this case does not discuss the manner in which the California Supreme Court changed its unconscionability jurisprudence in light of *Concepcion*. Indeed, it was issued two months prior to *Sonic-Calabasas*.

2

have said, in construing [the California Civil Code], that "a claim of unconscionability often cannot be determined merely by examining the face of the contract." *Perdue v. Crocker Nat'l Bank*, 702 P.2d 503, 512 (Cal. 1985).

*Id.* at 204 (emphasis added).

In my view, the district court did not have enough facts before it to engage in the analysis that the California Supreme Court requires. The district court did not permit the parties to engage in factual discovery before voiding the arbitration clause. Rather, the court resolved Hanjin's motion based solely on the pleadings and a bare-bones affidavit. And in so doing, the court erroneously resolved all disputed facts in Hanjin's favor. *See Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (a motion to compel arbitration is the "functional equivalent" of a motion for summary judgment); *see also Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774–76 (3d Cir. 2013).

Because the district court did not permit factual discovery before ruling on the motion to compel arbitration, the factual record is not adequately developed, and I cannot locate within it those facts that are necessary to determine: (1) whether the arbitration provision was the result of "oppression or surprise due to unequal bargaining power;" or (2) whether the provision "is unreasonably favorable to one party, considering in context 'its commercial setting, purpose, and effect.'" *Sonic-Calabasas*, 311 P.3d at 194, 205 (internal citation omitted). For this

3

reason, I believe that a remand is required to develop a factual record that would permit the district court to engage in this analysis in the first instance.[2]

I respectfully dissent.

---

[2] In reaching this conclusion, I acknowledge that the district court issued its opinion prior to *Sonic-Calabasas*' publication. Nevertheless, "[t]he general rule . . . is that an appellate court must apply the law in effect at the time it renders its decision." *Clabourne v. Ryan*, 745 F.3d 362, 380 (9th Cir. 2014) (internal quotation marks and citations omitted).