BEA, Circuit Judge,
concurring in part, dissenting in part:
This court need not remand. I disagree that “uncertainty about which contractual obligations were in force between the United States and the GRIC at the time of Shirk’s accident” compels remand. Op. at 1008.[1] According to the majority, the district court “assumed that the 638 Contract’s limitations on the authority of tribal officers applied to the 2003 Compact.” Op. at 1008 (citation omitted). “On appeal, however, the GRIC has argued that the 638 Contract expired before the enactment of the 2003 Compact, that the 2003 Compact superseded the terms of the 638 Contract, and that the provisions of the 638 Contract no longer apply.” Op. at 1008 (citation omitted). All this court need do, however, is to look within the four comers of the contracts in the record: if the 638 Contract contains an expiration provision, it expired pursuant to that provision; if the 2003 Compact contains a provision superseding the 638 Contract, then it super-cedes the 638 Contract.[2] There are no issues of fact that require remand. Therefore, even though the district court did not employ the new two-part test we hand down today, and “[tjypically, a federal appellate court does not consider an issue not passed upon below,” Davis v. Nordstrom, Inc., 755 F.3d 1089, 1094 (9th Cir.2014) (internal quotations and citation omitted), we have the “discretion to decide whether *1011 to reach such an issue ... where the issue presented is a purely legal one and the record below has been fully developed,” id, at 1094-95 (citation omitted).
The district courts of this circuit would have benefitted from a precedential opinion that applied the new two-part test. The majority opinion has sidestepped this opportunity. I do not see much point to writing a non-precedential, one-judge analysis of the merits. Therefore, I agree with the new two-part test articulated here, but I would not remand. I respectfully concur in part, and dissent in part.

. The majority accurately summarizes the facts and the legal issues relevant to this case. I adopt them here. In short: plaintiffs’ FTCA claim survives FRCP 12(b)(1) dismissal if the actions of the GRIC officers fall under the scope of the FTCA's waiver of sovereign immunity. "Section 314” extended the FTCA's waiver of sovereign immunity to claims "resulting from the performance of functions ... under ,.. [certain] contracts], grant agreements], or cooperative agreements]-” Op at. 1002 (citations and internal quotations omitted). Here, GRIC entered into certain contracts that allowed them some autonomy over various tribal law enforcement responsibilities. Op. at 1001-03. Therefore, the plaintiffs' FTCA claim falls under the FTCA's waiver of sovereign immunity if the GRIC officers were carrying out the obligations of the operative agreement between GRIC and the United States. There are two possible operative agreements: (1) the "638 Contract,” Op. at 1002, and (2) the “2003 Compact,” Op. at 1002.

. Furthermore, “[a] question of fact concerning the interpretation of a contract does not arise unless the contract is ambiguous." Barona Group of Capitan Grande Band of Mission Indians v. American Mgmt. & Amusement, Inc., 840 F.2d 1394, 1401 (9th Cir.1987) (citation omitted). No party has claimed there were ambiguities in the contracts before the court here.