**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWN SOCOLOFF, an individual, | No. 13-57064 |
| Plaintiff - Appellee, | D.C. No. 2:13-cv-04910-CAS-AGR |
| v. | |
| LRN CORPORATION, a Delaware corporation, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 7, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

LRN Corporation ("LRN") appeals the district court's denial of its motion to

compel arbitration of plaintiff Shawn Socoloff's claims. We affirm.

The district court did not err in concluding that when Socoloff was hired, he

did not sign an agreement to arbitrate claims arising out of his employment with

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

LRN. Under California law, "[t]he party seeking arbitration bears the burden of proving the existence of an arbitration agreement." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 282 P.3d 1217, 1224–25 (Cal. 2012). LRN's usual practice is to require all employees to sign a Mutual Agreement to Arbitrate Claims. However, LRN failed to produce a signed copy of this document, nor could the company produce a witness who observed Socoloff signing or returning such a document. The district court therefore did not err in finding that LRN failed to meet its burden of establishing the existence of an arbitration agreement.

In the alternative, LRN argues that Socoloff signed other documents which incorporated the Mutual Agreement to Arbitrate Claims by reference. We agree with the district court that LRN has failed to demonstrate valid incorporation by reference. For the terms of one document to be incorporated into another, "the reference must be clear and unequivocal, the reference must be called to the attention of the other party and he must consent thereto, and the terms of the incorporated document must be known or easily available to the contracting parties." *Shaw v. Regents of Univ. of Calif.*, 67 Cal. Rptr. 2d 850, 856 (Cal. Ct. App. 1997). Socoloff signed an offer letter which stated: "By signing this letter below, you also agree to abide by all LRN policies, procedures, rules and regulations currently in effect or that may be adopted from time to time." The

2

offer letter then explained that "[y]ou also will be required to sign a mutual agreement to arbitrate claims." Because the offer letter contemplated the future signing of a separate arbitration agreement, there was no clear and unequivocal incorporation by reference. *See Mitri v. Arnel Mgmt. Co.*, 69 Cal. Rptr. 3d 223, 229-30 (Cal. Ct. App. 2007). Nor does the Confidentiality and Invention Assignment Agreement ("Confidentiality Agreement") signed by Socoloff obligate him to arbitrate the claims presented in this lawsuit. The Confidentiality Agreement specified that "[a]ll disputes regarding any breach of this agreement are subject to the document 'Mutual Agreement to Arbitrate Claims' signed between the Company and me." Because this document only states that disputes arising under the Confidentiality Agreement are to be resolved by arbitration (and because Socoloff's present claims do not involve the Confidentiality Agreement), it does not govern the instant dispute.

We also agree with the district court that Socoloff's continued employment with LRN did not create an implied-in-fact agreement to arbitrate. Under California law, an employee's agreement to arbitrate employment-related claims need not be express, and may be implied in fact. *Pinnacle Museum Tower Ass'n.*, 282 P.3d at 1224; *see also Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093-94 (9th Cir. 2014). However, where an employee agrees to arbitrate Americans with

Disabilities Act ("ADA") claims or analogous state law discrimination claims, the employee must at least be put on notice that continued employment constitutes acceptance of an agreement to arbitrate. *See Nelson v. Cyprus Bagdad Copper Corp.*, 119 F.3d 756, 762 (9th Cir. 1997). Here, LRN did not notify Socoloff that his continued employment alone would constitute acceptance of an agreement to arbitrate. Accordingly, the district court did not err in finding no implied-in-fact arbitration agreement.

For all of the above reasons, the district court properly denied LRN's motion to compel arbitration.

**AFFIRMED.**