**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CRAIG ARNOLD; et al., | No. 18-35222 |
| Plaintiffs-Appellees, | D.C. No. 1:17-cv-00032-TJC |
| v. | |
| IRONGATE SERVICES, LLC, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| PHILIP MORRIS USA, INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Argued and Submitted February 6, 2019
Seattle, Washington

Before: IKUTA and CHRISTEN, Circuit Judges, and CHOE-GROVES,** Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

Irongate Services, LLC ("Irongate") appeals the denial of its motion to compel Craig Arnold and other nonsignatories to the Master Services Agreement (collectively referred to herein as "Individual Plaintiffs") to arbitrate their claims against Irongate. We have jurisdiction under 9 U.S.C. § 16 and review "the district court's decision to deny the motion to compel arbitration de novo." *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1091 (9th Cir. 2014).

The question whether the Individual Plaintiffs are bound to arbitrate their claims against Irongate under principles of equitable estoppel is governed by Montana law. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631–32 (2009). Our cases applying a federal test to this issue have been superseded by *Arthur Andersen*, and are no longer applicable. *See id.*; *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1130 n.5 (9th Cir. 2013).

Irongate has not established that the Individual Plaintiffs are bound to arbitrate their claims against Irongate as a matter of Montana law.[1] Irongate failed to allege that any of the six elements of Montana's equitable estoppel test are met. *See Turner v. Wells Fargo Bank, N.A.*, 291 P.3d 1082, 1089–90 (Mont. 2012). While the Montana Supreme Court has applied California law to hold that

---

[1] Because we decide on this basis, we do not reach the question whether the arbitration agreement covers the dispute at issue. *See Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc).

nonsignatories can compel signatories to arbitrate under certain circumstances, *see Peeler v. Rocky Mountain Log Homes Canada, Inc.*, 431 P.3d 911, 926–28 (Mont. 2018), no Montana case has held that signatories can compel nonsignatories to arbitrate. Irongate argues that California appellate courts have held that signatories to an arbitration agreement can compel nonsignatories to arbitrate when there are certain types of preexisting relationships between the parties, *see Cty. of Contra Costa v. Kaiser Found. Health Plan, Inc.*, 47 Cal. App. 4th 237, 242–43 (1996). But even if the Montana Supreme Court adopted this test, Irongate has not demonstrated that there is a preexisting relationship between the Individual Plaintiffs and Irongate that would meet California's requirements.

Contrary to Irongate's argument, neither the Montana Supreme Court's unpublished opinion in *Stewart v. Hauptman*, 169 P.3d 405 (Mont. 2007), nor section 28-2-503(2) of the Montana Code addresses whether a party who has not entered into a contract to arbitrate can be bound by its terms. Because *Hauptman* is unpublished, under Montana rules it may not be cited as precedent. 169 P.3d at ¶ 1. In any event, *Hauptman* held that when the parties to a contract agree to share in the costs and benefits of subsequently acquired leases, a party that accepts the benefits of such subsequently acquired assignments of leases is deemed to be bound by such assignments. *Id.* at ¶ 27. Irongate does not argue that the

3

Individual Plaintiffs have entered into any analogous arrangement.  Nor does section 28-2-503(2) help Irongate, as that section addresses contract formation, and provides that a party that voluntarily accepts the benefit of a transaction may be deemed to have consented to the contract and be bound by its terms.  Irongate has not shown that the Individual Plaintiffs have entered into the MSA either expressly or by implication.

**AFFIRMED.**