NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS COMPANY, LTD., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DANIEL RAMIREZ, <br><br> Defendant-Appellee. | No. 18-16094 <br><br> D.C. No. 1:17-cv-01462-AWI-SAB <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted August 29, 2019
Seattle, Washington

Before: McKEOWN and BYBEE, Circuit Judges, and GAITAN,** District Judge.

Samsung Electronics America, Inc., and Samsung Electronics Company,

Ltd. (collectively, "Samsung"), appeal the district court's denial of their motion to

compel arbitration of Daniel Ramirez's claims stemming from severe burns

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

allegedly caused by his Samsung phone. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and because the factual findings are undisputed, we review de novo the district court's ruling. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1091 (9th Cir. 2014). We affirm.

Under California law, silence or inaction generally does not constitute acceptance of a contract. *See Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1287 (9th Cir. 2017). An offeree may demonstrate acceptance through conduct, but not where, as here, the contractual provisions are "inconspicuous" and "contained in a document whose contractual nature is not obvious." *Windsor Mills, Inc. v. Collins & Aikman Corp.*, 25 Cal. App. 3d 987, 993 (1972). We conclude that the inaptly titled booklet containing the terms and conditions and the smartphone packaging's vague reference to terms and conditions are insufficient to put a reasonable consumer (or a reasonably prudent smartphone user) on notice of the arbitration provision that Samsung seeks to enforce. *See Norcia*, 845 F.3d at 1284–86.

*Norcia* also forecloses Samsung's arguments that California courts have adopted the "in-the box" theory of assent and that the "in-the-box" theory would apply in these circumstances. *Id.* at 1287–90 (citing *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1148 (7th Cir. 1997)). Two non-precedential decisions from

2

California's intermediate court of appeals, both of which address *Hill* only in passing, do not undermine this conclusion. *See Schuldner v. ITC Fin. Licenses, Inc.*, No. A150522, 2018 WL 416839, at *7 (Cal. Ct. App. Jan. 16, 2018) (unpublished); *Chau v. Pre-Paid Legal Servs., Inc.*, No. B270277, 2017 WL 604721, at *3 (Cal. Ct. App. Feb. 15, 2017) (unpublished).

**AFFIRMED.**