**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNETTE SERNA, an individual, | No.   21-55238 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02047-FMO-JEM |
| v. | |
| NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware Corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted June 9, 2022
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Appellant Annette Serna ("Serna") appeals the district court's denial of her

motion to vacate an arbitration award and, alternatively, its order compelling

arbitration.  The parties dispute whether (1) a binding arbitration agreement required

Serna to arbitrate her claims and (2) the arbitrator's decision to dismiss Serna's

claims under the California Fair Employment and Housing Act ("FEHA") should be

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

vacated because he exhibited a "manifest disregard of the law"—one of the few grounds for judicial review of an arbitrator's decision under the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 10(a); *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

We affirm the district court because (1) Serna was required to arbitrate under Northrop's 2010 arbitration policy, which explicitly covered "future" claims between Serna and Northrop, and (2) the arbitrator's independent finding that Serna was not a qualified individual under the FEHA was a factual finding, and the FAA does not allow judicial review of whether an arbitrator's factual findings "are supported by the evidence in the record." *Bosack v. Soward*, 586 F.3d 1096, 1105 (9th Cir. 2009).

*First*, the district court did not err when it compelled arbitration. Serna is subject to a binding 2010 arbitration policy because she received it by mail and email, had access to it via Northrop's employee intranet, and continued her employment after receiving the policy. *See Davis v. Nordstrom*, *Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014) (citing *Schachter v. Citigroup, Inc.*, 47 Cal. 4th 610, 619 (2009)); *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420 (2000). The 2010 policy expressly states that "any claim, controversy, or dispute, past, present, or future," between Serna and Northrop would be subject to binding arbitration.

2

Serna's FEHA claims are "past, present, or future" claims against Northrop and, accordingly, she was required to arbitrate them.

Serna does not dispute that she was bound by the 2010 arbitration policy when it was issued or that the 2010 policy covered future claims. Instead, she argues that she is no longer bound by the 2010 policy because it was "superseded" when Northrop issued an updated policy in 2013. But even assuming the 2010 agreement was superseded when Northrop reauthorized it in 2013, Serna's position that the policy's express requirement to arbitrate all future claims was no longer binding cannot be correct—if it were, Serna would no longer be required to arbitrate any future claims despite the arbitration policy stating that it covers any future claims. Nothing in the 2010 policy states that a future reauthorization of that policy would retroactively nullify Serna's express agreement in 2010 to arbitrate "any … future" claims arising out of her employment with Northrop. *See Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1063 (9th Cir. 2020) ("Because we cannot say with certainty that the parties did not intend for the arbitration clause to survive expiration of the contract, the parties' arbitration obligations remain intact." (citation and internal quotation marks omitted)).

*Second*, the district court did not err when it denied Serna's request to vacate the arbitrator's decision, because the arbitrator's factual finding that Serna was not a qualified individual under the FEHA is beyond the scope of judicial review allowed

by the FAA. *See Bosack*, 586 F.3d at 1102 (quoting *Kyocera Corp. v. Prudential–Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003) (en banc)). Under the FEHA, an employee is not entitled to relief "if the employee, because of a physical or mental disability, is unable to perform the employee's essential duties even with reasonable accommodations." Cal. Gov't Code § 12940(a)(1). The arbitrator made a factual finding that evidence presented in Serna's Social Security Disability Insurance application—in which she stated she was unable to work—showed she could not perform her job or any other job with or without an accommodation, and therefore Serna was not a qualified individual under the FEHA. Because the arbitrator's determination that Serna is not a qualified individual under the FEHA was a factual finding, it is beyond the scope of our review. *See Bosack*, 586 F.3d at 1105 (the FAA does not allow review of whether an arbitrator's factual findings "are supported by the evidence in the record"); *Kyocera*, 341 F.3d at 997.

Nor did the arbitrator otherwise exhibit a "manifest disregard of the law," as Serna argues. *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007). This standard does not allow for vacatur of an arbitrator's decision based on a simple error in interpreting or applying the law, and instead requires that it be "clear from the record that the arbitrator[] recognized the applicable law and then ignored it." *Biller*, 668 F.3d at 665 (citation omitted); *see also Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (citation omitted) ("Manifest

4

disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law."). Here, the arbitrator identified the relevant legal standards and applied them. And because he did so, we may not second-guess his interpretation or application of the law. *Kyocera*, 341 F.3d at 994; *see also Collins*, 505 F.3d at 879.

**AFFIRMED**.