**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

NOV 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**



| | |
|---|---|
| NIKOLA LOVIG, on behalf of himself, all others similarly situated, | No. 22-16151 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-02807-PJH |
| v. | MEMORANDUM[*] |
| BEST BUY STORES, L.P., a Virginia limited partnership; BEST BUY CO., INC., a Minnesota corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 14, 2023[*]
San Francisco, California

Before: S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

Nikola Lovig sued his former employer, Best Buy Stores, L.P. and Best Buy

Co., Inc. ("Best Buy")[1], alleging several employment related claims. Now, Lovig

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Best Buy Stores, L.P. was Lovig's employer. Best Buy Co., Inc. is the indirect parent company of Best Buy Stores, L.P. and did not employ Lovig. Both entities are referred to collectively as Best Buy.

appeals a district court order compelling arbitration and confirming the arbitration award. We have jurisdiction under 28 U.S.C. § 1291, and reviewing de novo, *see Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1085 (9th Cir. 2020), we affirm.

Assuming without deciding that Lovig did not waive his right to appeal the order compelling arbitration, Lovig's appeal fails because he agreed to arbitrate. Under California law, "a 'clear agreement' to arbitrate" can either be express or implied. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1093 (9th Cir. 2014) (citation omitted). And "where an employee continues in his or her employment after being given notice of the changed terms or conditions, he or she has accepted those new terms or conditions." *Id.*

Here, Lovig impliedly agreed to arbitrate. The new arbitration agreement was a condition of his employment, and it did not require any affirmative action for assent. Lovig had actual notice of the arbitration agreement before it was implemented; and Lovig continued his employment with Best Buy after the arbitration agreement went into effect. *See Diaz v. Sohnen Enters*., 245 Cal. Rptr. 3d 827, 830 (Cal. Ct. App. 2019) ("California law in this area is settled: When an employee continues his or her employment after notification that an agreement to arbitration is a condition of continued employment, that employee has impliedly consented to the arbitration agreement."); *DiGiacinto v. Ameriko-Omserv Corp*, 69 Cal. Rptr. 2d 300, 304 (Cal. Ct. App. 1997) (holding that an "employee who

2

continues in the employ of the employer after the employer has given notice of changed terms or conditions of employment has accepted the changed terms and conditions. . . . [I]t would not be legally relevant if the employee also had complained, objected, or expressed disagreement with the new offer . . . .").

As Lovig raises his "browsewrap" argument for the first time on appeal, we may not consider it. *See Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016) ("[A]n appellate court will not hear an issue raised for the first time on appeal."). Lovig's request for a jury trial on appeal is also untimely. 9 U.S.C. § 4 (providing that a jury trial demand must be made "on or before the return day of the notice of application.")

**AFFIRMED.**