NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAETON BANGART,

        Plaintiff-Appellee,

v.

BONAVENTURE OF EAST WENATCHEE LLC,

        Defendant-Appellant.

No.   23-35528

D.C. No. 2:23-cv-00162-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted May 6, 2024
Seattle, Washington

Before: W. FLETCHER, BEA, and OWENS, Circuit Judges.

Defendant-Appellant Bonaventure of East Wenatchee LLC appeals the district court's order below, which denied Bonaventure's motion to compel arbitration under the Federal Arbitration Act ("FAA") of Plaintiff-Appellee Paeton Bangart's Washington state law claim for wrongful discharge in violation of public policy. The parties are familiar with the facts, which we recount here only where

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

necessary. We have jurisdiction under 9 U.S.C. § 16(a)(1)(B), and we review de novo the district court's decision to deny Bonaventure's motion to compel arbitration. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1091 (9th Cir. 2014). We reverse and remand with instructions to grant Bonaventure's motion.

1. The district court erred when it considered in the first instance whether the arbitration agreement between Bonaventure and Bangart was enforceable as to Bangart's wrongful discharge claim. It is true that, normally, "question[s] of arbitrability"—such as whether an arbitration agreement is enforceable as to a "particular type of controversy"—are reserved "for judicial determination." *Martin v. Yasuda*, 829 F.3d 1118, 1123 (9th Cir. 2016) (internal citations and quotations omitted). But the parties may delegate such threshold issues to the arbitrator so long as there is "an express agreement to do so." *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 79–80 (2010) (Stevens, J., dissenting)). Such is the case here. The arbitration agreement between Bangart and Bonaventure stated that "any legal dispute . . . concerning the scope, validity, enforceability or breach of this Agreement, shall be resolved by final and binding arbitration[,] . . . not by [a] court." Given this "expansive" language, we conclude that Bangart and Bonaventure "clearly and unmistakably" delegated to the arbitrator the issue of whether the arbitration agreement was enforceable as to Bangart's wrongful discharge claim. *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201,

1209 (9th Cir. 2016) (quoting *Momot*, 652 F.3d at 988). It was therefore error for the district court to decide that question instead.

**REVERSED AND REMANDED.**