*818 MEMORANDUM *
Hanjin Shipping Co. (“Hanjin”) appeals the district court’s order denying Hanjin’s motion to compel arbitration. We affirm. Because the parties are familiar with the history of this case, we need not recount it here.
I
Following submission of this appeal, the district court entered an order resolving certain claims. We requested the parties to brief the question of whether or not the district court order rendered this appeal moot. Both parties agree that it did not and, after reviewing their submissions we conclude that the appeal is justiciable.
II
The district court did not err in holding that the arbitration agreement was unconscionable under California law and, therefore, that the motion to compel arbitration should be denied.[1] In California, a contract clause is unconscionable if both procedurally and substantively unconscionable. See Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 6 P.3d 669, 689-90 (2000) (articulating “general principles” of uncon-scionability). California law utilizes a sliding scale to determine the ultimate question of unconscionability — greater substantive unconscionability may compensate for lesser procedural unconsciona-bility. Id., 99 Cal.Rptr.2d 745, 6 P.3d at 690. In California, “the core concern of unconscionability doctrine is the ‘absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.’ ” Sonic-Calabasas A, Inc. v. Moreno, 57 Cal.4th 1109, 163 Cal.Rptr.3d 269, 311 P.3d 184, 202 (2013) (quoting Williams v. Walker-Thomas Furniture Co., 350 F.2d 445, 449 (D.C.Cir.1965)).
A
The district court did not err in concluding that the arbitration agreement was proeedurally unconscionable under California law. Whether an arbitration agreement is proeedurally unconscionable depends on ‘“the manner in which the contract was negotiated and the circumstances of the parties at that time.’ ” Ingle v. Circuit City Stores, Inc., 328 F.3d 1165, 1171 (9th Cir.2003) (quoting Kinney v. United Healthcare Servs., Inc., 70 Cal.App.4th 1322, 83 Cal.Rptr.2d 348, 352-53 (1999)). Procedural unconscionability generally takes the form of a contract of adhesion, in which a contract drafted by the party of superior bargaining strength is imposed on the other without the opportunity to negotiate the terms. Shroyer v. New Cingular Wireless Servs., Inc., 498 F.3d 976, 982 (9th Cir.2007). Here, the record supports the district court’s conclusion that Elite Logistics Corp. (“Elite”) did not take part in any contract negotiations and had no choice but to sign the agreement if it wished to conduct business as an intermodal carrier. Without a meaningful opportunity for Elite to negotiate, and with Elite faced with a “take it or leave it” proposition, the district court did not err in concluding that the contract was procedurally unconscionable under California law. See Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir.2010) (explaining federal courts apply state-law principles to determine the validity of arbitration agreement).[2]
*819 B
The district court also did not err in concluding that the arbitration provision was substantively unreasonable. Under California law, “[substantive unconsciona-bility focuses on the one-sidedness or overly harsh effect of the contract term or clause.” Harper v. Ultimo, 113 Cal.App.4th 1402, 7 Cal.Rptr.3d 418, 423 (2003). “Substantive unconscionability addresses the fairness of the term in dispute.” Szetela v. Discover Bank, 97 Cal.App.4th 1094, 118 Cal.Rptr.2d 862, 867 (2002). Mutuality is the “paramount” consideration when assessing substantive un-conscionability. Abramson v. Juniper Networks, Inc., 115 Cal.App.4th 638, 9 Cal.Rptr.3d 422, 436 (2004). “Agreements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability.” Id. at 437 (internal quotes and citation omitted).
Here, the district court properly concluded that the contract was substantively unconscionable under California law. Under the agreement, the invoiced party must provide written notice of its dispute as to an invoice within 30 days, which is shorter than California’s four-year statute of limitations. The burden to dispute an invoice is on the invoiced party. After receiving the dispute response from the invoicing party, the invoiced party has 15 days to pay the invoice or seek arbitration. If an invoiced party proceeds to arbitration, it must submit all of its arguments to the arbitration panel first. Further, the arbitration panel lacks the authority to enjoin wrongful conduct, which is a significant burden in cases such as the one at bar where recurring invoice problems are at issue.
C
The district court did not fail to apply the principles of the Federal Arbitration Act, as claimed by Hanjin. “The Federal Arbitration Act (‘FAA’>, 9 U.S.C. §§ 1, et seq., reflects a ‘liberal federal policy’ in favor of arbitration.” Davis v. Nordstrom, Inc., 755 F.3d 1089, 1092 (9th Cir.2014) (quoting AT & T Mobility LLC v. Concepcion, — U.S. -, 131 S.Ct. 1740, 1745, 179 L.Ed.2d 742 (2011)). Pursuant to the Supremacy Clause of the United States Constitution, “the FAA preempts contrary state law.” Mortensen v. Bresnan Commc’ns, LLC, 722 F.3d 1151, 1158 (9th Cir.2013). However, the FAA does not preempt California’s procedural unconscionability rules. Chavarria v. Ralphs Grocery, Co., 733 F.3d 916, 926 (9th Cir.2013); see also Sonic-Calabasas-A, Inc. v. Moreno, 57 Cal.4th 1109, 163 Cal.Rptr.3d 269, 311 P.3d 184, 188 (2013) (confirming that “state courts may continue to enforce unconscionability rules that do not ‘interfere[] with fundamental attributes of arbitration’ ”) (quoting AT & T *820 Mobility LLC v. Concepcion, — U.S. -, 131 S.Ct. 1740, 1748, 179 L.Ed.2d 742 (2011)). Although the- FAA may preempt state laws having a “disproportionate impact” on arbitration, it “cannot be read to immunize all arbitration agreements from invalidation.” Chavarria, 733 F.3d at 927. Insofar as an application of state substantive unconscionability rules do not discriminate unfavorably against arbitration, they do not offend the FAA. Id.
Here, the district court appropriately considered the FAA’s policy and preemptive reach in concluding that the arbitration agreement was unconscionable under California law.
Ill
In sum, the appeal is not moot. The district court properly concluded that the arbitration agreement was unconscionable under California law and, therefore, properly denied the motion to compel arbitration. We need not, and do not, reach any other question urged by the parties on appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The parties agree that there are no material factual disputes; however, they disagree as to the legal significance of the undisputed facts.

. The dissent argues that under AT & T Mobility L.L.C. v. Concepcion,-U.S.-, 131 S.Ct. 1740, 179 L.Ed.2d 742 (2011), an arbitration clause may not be found procedurally unconscionable because it appears in a contract of adhesion. However, this characterization strips the Court’s language of its contextual framework. In Concepcion, the Court concluded that arbitration clauses contained in some adhesion contracts — namely, those contained in adhesive consumer contracts— may still be valid. Id. at 1750. However, the Court did not hold that that arbitration clauses may never be found procedurally unconscionable merely because they appear in a contract of adhesion. Indeed, we have held that Concepcion did not fundamentally alter the legal landscape of procedural unconscion-.ability. Coneff v. AT & T, 673 F.3d 1155, 1161 (9th Cir.2012) (procedural unconsciona-bility is "an inquiry for which Concepcion gives little guidance beyond a recognition of the doctrine’s continued vitality”).