**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAY 12 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ASHBEY, | No. 12-55912 |
| Plaintiff - Appellee, | D.C. No. 8:12-cv-00009-DOC-RNB |
| v. | |
| ARCHSTONE PROPERTY MANAGEMENT, INC., a corporation, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before: BYBEE, BEA, and CHRISTEN, Circuit Judges.

Defendant Archstone Communities LLC ("Archstone") appeals from the

district court's denial of its Motion to Compel Arbitration of Plaintiff Michael

Ashbey's claims. We reverse.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

A party seeking to compel arbitration has the burden under the Federal Arbitration Act to show (1) the existence of a valid agreement to arbitrate and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue. *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008). State law governs whether a valid agreement to arbitrate exists. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009). The parties do not dispute that California law applies to this case.

The district court erred in finding there was no valid agreement to arbitrate. California law permits parties to form contracts by incorporating other documents by reference; and "an employee may agree to arbitrate claims against his or her employer by signing an acknowledgment form that incorporates the employer's employee handbook and the arbitration policy it contains." *Avery v. Integrated Heathcare Holdings, Inc.*, 159 Cal. Rptr. 3d 444, 457 (Ct. App. 2013). The acknowledgment Ashbey signed incorporated the terms contained in Archstone's employment manual, which included the arbitration policy. And though the acknowledgment stated the manual did not "create any contractual rights," that exclusion of contractual obligations is placed within two sentences dealing only with the at-will employment relationship between Ashbey and Archstone. The exclusion therefore serves only to reinforce that Ashbey has no contractually

2

created rights beyond those created by at-will employment. *See Dyna-Med, Inc. v. Fair Emp't & Hous. Comm'n*, 743 P.2d 1323, 1329 n.14 (Cal. 1987) (explaining that under the canon of *noscitur a sociis* "the meaning of a word may be enlarged or restrained by reference to the object of the whole clause in which it is used." (internal quotation marks omitted)); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 197–98 (2012) (explaining that associated phrases should be read together under the canon of *noscitur a sociis*). To interpret the language otherwise would also create an absurdity: Ashbey would have no contractual rights to enforce the other provisions of Archstone's employment manual, which included provisions outlining Ashbey's compensation, sick leave, vacation and holidays, and retirement savings, among others.

The arbitration clause encompasses the dispute at issue because it applies to "any dispute" arising out of or related to employment of the employee.

The agreement to arbitrate is not substantively unconscionable under California law for any of the reasons urged by Ashbey, assuming those reasons are not preempted by the Federal Arbitration Act. *See AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746 (2011). The agreement permits the imposition on Archstone of arbitration fees "where required by law" and attorneys' fees if Ashbey is entitled to them "under applicable law." And, contrary to Ashbey's

assertions otherwise, the arbitration clause binds Archstone to arbitrate its claims against Ashbey too because the clause requires "all . . . disputes between Employee and the Company to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial." Finally, unilateral modification provisions, such as the one in the acknowledgment Ashbey signed, are not substantively unconscionable because they are always subject to the limits "imposed by the covenant of good faith and fair dealing implied in every contract." *Serpa v. Cal. Sur. Investigations, Inc.*, 155 Cal. Rptr. 3d 506, 514 (App. 2013). Ashbey has neither pleaded nor claimed that Archstone has acted unreasonably to alter the terms of any policy contained in the manual, including the arbitration clause, so as to breach the implied covenant of good faith and fair dealing. Under California law, a contract is unconscionable only if it is both procedurally and substantively unconscionable. *See Peng v. First Republic Bank*, 162 Cal. Rptr. 3d 545, 550 (App. 2013). The contract here is not substantively unconscionable and therefore we need not opine on its procedural validity. The contract is enforceable. **REVERSED.**

4

*Ashbey v. Archstone Property Management, Inc.*, No. 12-55912

CHRISTEN, Circuit Judge, concurring:

I concur in the result reached by the court's memorandum disposition. I write separately to stress that my concurrence is based on the specific facts of this case, namely, the language of the acknowledgment Ashbey signed and the arguments Ashbey has raised concerning unconscionability.

Read in context, the acknowledgment's disclaimer of contractual rights refers only to the at-will employment relationship between Ashbey and Archstone. The acknowledgment is clear that by signing, Ashbey agreed "to adhere to all of the policies" contained in the employment manual, "including the Dispute Resolution Policy." Under these circumstances, I agree that Ashbey entered into a binding agreement to arbitrate. *Cf. Sparks v. Vista Del Mar Child & Family Servs.*, 145 Cal. Rptr. 3d 318, 321–26 (Cal. Ct. App. 2012) (holding no agreement to arbitrate formed where employment handbook wording suggested handbook was informational rather than contractual, and acknowledgment stated only, "the Handbook contains important information about [the employer's] general personnel policies and on [the employee's] privileges and obligations as an Employee . . . I understand that I am governed by the contents of the Handbook" (internal quotation marks omitted)).

1

Because the district court concluded there was no valid agreement to arbitrate, it did not reach the parties' arguments concerning unconscionability. "Typically, 'a federal appellate court does not consider an issue not passed upon below.'" *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1094 (9th Cir. 2014) (quoting *Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir. 1986)). This is particularly true with respect to issues involving questions of fact, *see id.* at 1094–95, which unconscionability almost always does, *see Sonic-Calabasas A, Inc. v. Moreno*, 311 P.3d 184, 203 (Cal. 2013). In this case, however, both in the district court and on appeal, Ashbey raised only four limited arguments with respect to unconscionability, none of which involve disputed questions of fact. Under these circumstances, I concur in the court's decision to address Ashbey's arguments, and I agree his arguments are unavailing. *Cf. Elite Logistics Corp. v. Hanjin Shipping Co.*, 589 F. App'x 817, 818 & n.1 (9th Cir. 2014) (memorandum disposition) (no error where district court held arbitration agreement unconscionable, without conducting discovery, where parties agreed there were no material factual disputes).

2