CHRISTEN, Circuit Judge,
concurring:
I concur in the result reached by the court’s memorandum disposition. I write separately to stress that my concurrence is based on the specific facts of this case, namely, the language of the acknowledgment Ashbey signed and the arguments Ashbey has raised concerning unconsciona-bility.
Read in context, the acknowledgment’s disclaimer of contractual rights refers only to the at-will employment relationship between Ashbey and Archstone. The acknowledgment is clear that by signing, Ashbey agreed “to adhere to all of the policies” contained in the employment manual, “including the Dispute Resolution Policy.” Under these circumstances, I agree that Ashbey entered into a binding agreement to arbitrate. Cf. Sparks v. Vista Del Mar Child & Family Servs., 207 Cal.App.4th 1511, 145 Cal.Rptr.3d 318, 321-26 (2012) (holding no agreement to arbitrate formed where employment handbook wording suggested handbook was informational rather than contractual, and acknowledgment stated only, “the Handbook contains important information about [the employer’s] general personnel policies and on [the employee’s] privileges and obligations as an Employee ... I understand that I am governed by the contents of the Handbook” (internal quotation marks omitted)).
Because the district court concluded there was no valid agreement to arbitrate, it did not reach the parties’ arguments concerning unconscionability. “Typically, ‘a federal appellate court does not consider an issue not passed upon below.’ ” Davis v. Nordstrom, Inc., 755 F.3d 1089, 1094 (9th Cir.2014) (quoting Quinn v. Robinson, 783 F.2d 776, 814 (9th Cir.1986)). This is particularly true with respect to issues involving questions of fact, see id. at 1094-95, which unconscionability almost always does, see Sonic-Calabasas A, Inc. v. Moreno, 57 Cal.4th 1109, 163 Cal.Rptr.3d 269, 311 P.3d 184, 203 (2013). In this case, however, both in the district court and on appeal, Ashbey raised only four limited arguments with respect to *433 unconscionability, none of which involve disputed questions of fact. Under these circumstances, I concur in the court’s decision to address Ashbe/s arguments, and I agree his arguments are unavailing. Cf. Elite Logistics Corp. v. Hanjin Shipping Co., 589 Fed.Appx. 817, 818 & n. 1 (9th Cir.2014) (memorandum disposition) (no error where district court held arbitration agreement unconscionable, without conducting discovery, where parties agreed there were no material factual disputes).